## CITY OF JEFFERSON V. MARSHALL NATIONAL BANK.

Delivered March 12, 1898.

**1. Municipal Bonds—Delivery.**

Where a receipt given for certain municipal bonds recites their execution and delivery as on a certain date, and the minutes of the city council embracing the receipt so indicate, a finding that the bonds were delivered on that date is not without evidence sufficient to sustain it.

**2. Same—Levy of Taxes for Interest and Sinking Fund.**

A municipal ordinance for the issuance of bonds purporting to levy a tax sufficient to pay the interest and create a sinking fund of 2 per cent sufficiently complies with the requirements of the statute with reference to the provision for the interest and sinking fund, and it is not necessary to levy a specified amount of tax for that purpose.

**3. Same—Same.**

The limitations of the present Constitution requiring the levy of a sufficient tax to cover interest and create a sinking fund for the payment of municipal bonds does not apply to bonds issued for debts existing prior to its adoption.

**4. Same—Same.**

Bonds issued by a municipal corporation are not invalid because the city made an arrangement to borrow the money with which to pay the interest and sinking fund for the first three years, where a tax for that purpose was actuallly levied for those years, as required by the statute, the enforcement of the taxes being merely postponed.

**5. Same—Recitals Sufficient.**

Municipal bonds sufficiently state the purpose for which they are issued where they recite that they are consolidated debt bonds for outstanding indebtedness, and cite the acts of the Legislature and the ordinance of the city authorizing their issuance, the purpose for which the bonds are issued being fully set forth in the ordinance.

APPEAL from Marion. Tried below before Hon. J. M. TALBOT.

*L. S. Schluter, J. H. Culberson,* and *T. D. Rowell,* for appellant.

*T. P. Young,* for appellee.

FINLEY, CHIEF JUSTICE.—The appellee filed this suit in the District Court of Marion County, Texas, on September 25, 1894, and filed its amended petition on October 23, 1895, to recover the sum of $1050 principal, besides interest on certain coupons alleged to have been detached from certain bonds alleged to have been issued by the City of Jefferson, under and by authority of law, and on the —— day of ————, 1892, by virtue of an ordinance of the city of Jefferson, and several acts of the Legislature of the State of Texas, approved April 18, 1879, March 25,

1879, and March 26, 1887.  The petition set out substantial copies of the bonds and coupons declared upon, and the copy of the bonds show that the same were issued under an ordinance of said city, passed June 6, 1892.  The bonds were dated January 1, 1892.  Defendant city answered by general demurrer and general denial; and further specially answering, set up the fact that the bonds, if ever issued by defendant city, were so issued and executed without authority of law, and in direct contravention of the Constitution of the State of Texas; because, at the time of the issuance thereof no provision was made by ordinance or otherwise for the levy and collection of a tax to pay the interest and create a sinking fund, as provided by the Constitution.

And further answering, the defendant pleaded that if said bonds were ever executed, that they were so executed under a contract and agreement in writing, by and between the defendant city of Jefferson and J. H. Bemis, the person to whom said bonds were executed, to the effect that the said city of Jefferson should not be required to pay any interest on said bonds for the period of three years from the date of the issuance thereof, nor levy any tax for that purpose; and that in fact at the time of the issuance of said bonds, and the adoption of the ordinance authorizing the issuance thereof, no tax was levied by the city council to pay the interest or create a sinking fund.  And further, that the said bonds were illegal and void, because they failed to show upon their face the purpose for which they were issued.  And that if said bonds were ever issued, that they were so issued under the agreement and contract hereinbefore set forth between the defendant city and said J. H. Bemis, to the effect that no tax should be levied or collected for three years; and that after said agreement and proposition had been submitted to the defendant city by said Bemis, it was submitted to a vote of the qualified property holders and voters of the city of Jefferson, for their acceptance or rejection, and that an election was had and held upon said proposition, and participated in by the property holders and voters of said city, who, acting upon said proposition, did vote to issue the bonds, and accepted the proposition with the understanding and agreement that no tax should be levied to pay the interest for three years, and that said proposition and election constituted a part of the original contract with reference to the issuance of said bonds.  That the said Bemis entered into a written obligation to carry out his proposition with the said city as to the interest on said bonds, for the first three years.  Said contract and agreement was attached to and made a part of defendant's answer.  That the coupons herein sued on are coupons for the first three years interest on said bonds, and which Bemis, by his contract, agreed to pay, and that the proposition of Bemis is a part of the proceedings of the city council authorizing the issuance of said bonds.

The cause was submitted to the court without the intervention of a jury, and the court rendered judgment in favor of plaintiff and against defendant for the amount sued for, with interest.  The defendant excepted, and has duly prosecuted this appeal.  The defendant city is in-

corporated under the general laws of Texas, and is so alleged by plaintiff in its petition.

The trial judge filed these conclusions of fact and law:

Findings of Fact.—"1. That the defendant the city of Jefferson, by virtue of an ordinance passed by its board of aldermen in council assembled, duly executed and issued, among others, certain negotiable coupon bonds numbered 121, 122, 123, 124, 125, 126, 127, 128, 129, 130, 131, 132, 133, and 134, described in plaintiff's petition; that said bonds bear date January 1, 1892, and by each of said bonds defendant agreed to pay to bearer the sum of $500 on the 1st day of January, 1922, with interest on same from its date at the rate of 5 per cent per annum, payable semi-annually on the 1st days of January and July of each year. That said bonds had annexed to them respectively the coupon described in plaintiff's petition, eighty-four in all, and herein sued on; by each of which the said defendant agreed to pay to bearer the sum of $12.50—and in the aggregate the sum of $250. That said coupons were for the interest on said bonds maturing respectively on the 1st of July, 1893; the 1st of January, 1894; the 1st of July, 1894; the 1st of January, 1895; the 1st of July, 1895, and the 1st of January, 1896. That plaintiff is the owner and holder of said bonds and coupons, and that the amounts due thereon are unpaid.

"2. That said bonds and coupons were executed and issued, with others, in compromise and settlement of a larger indebtedness due by the defendant, city of Jefferson, contracted before the year 1876. That said bonds bear date the 1st day of January, 1892; but were not in fact issued and delivered in settlement of said indebtedness until the 15th day of August, 1892. That the ordinance passed by the city council of the city of Jefferson authorizing the issuance of said bonds was passed in June, 1892, and in said ordinance a tax was levied by the city council to pay the interest on said bonds, and to create a sinking fund of 2 per cent as required by law.

"3. That by the ordinance authorizing the issuance of said bonds, the same were named and designated therein as 'Consolidated Debt Bond, for Outstanding Indebtedness.'

"4. That at an adjourned regular meeting of the council of the city of Jefferson, held August 4, 1892, and before the execution and delivery of said bonds, the ordinance authorizing the issuance of said bonds, and wherein it was provided that 'the levy of a tax sufficient to pay the interest and create a sinking fund of 2 per cent on all real and personal property subject to assessment in the city of Jefferson, Marion County, Texas, and the same is hereby levied, then to be assessed and collected annually for the period of thirty years from the 1st day of January, 1892,' was amended, as follows: 'It is further ordered, decreed, and directed that a tax of $1.05 on each $100 valuation on all real and personal property subject to assessment within the city of Jefferson, Marion County, Texas, be and the same is hereby levied, to be assessed and collected for the year 1892 to pay current interest on said bonds and the sinking fund of 2 per cent, and that there shall annually be levied, assessed, and collected a

sufficient tax to pay the interest and sinking fund for thirty years from January 1, 1892.

"5. I find that on the 19th day of July, 1892, the following contract or bond was made and delivered by defendants J. H. Bemis and W. B. Ward to the defendant city of Jefferson, to wit:

" 'State of Texas, Marion County.—Whereas, J. H. Bemis heretofore submitted to the city of Jefferson his certain proposition for the compromise and settlement of the existing indebtedness of said city, proposing, among other things, to take in settlement of said indebtedness new bonds of said city, bearing interest at the rate of 5 per cent per annum, and to run twenty or more years, at the option of said city; and also proposing that in the event of the acceptance of said proposition by the said city, that he, the said Bemis, would loan and furnish to the said city (should they desire it) the money to pay the taxes or the interest on said bonds for the first three years after the issuance thereof, and to enter into a good and sufficient undertaking and obligation to carry out this performance; and,

" 'Whereas, the said city of Jefferson has accepted the said proposition of the said Bemis, and the same has been ratified by the vote of the taxpaying voters of the said city; and,

" 'Whereas, the said city has elected to accept that part of said proposition of the said Bemis to loan to said city, or furnish to it, the money sufficient to pay the interest on said new bonds for the first three years, and in compliance with the terms of said proposition to issue to the said Bemis bonds of the said city of like character, and bearing the same rate of interest as the other new bonds to be issued in settlement of said indebtedness; and,

" 'Whereas, the said city is now ready to carry out its part of said contract and settlement; and has already prepared and has ready for delivery the said new bonds as aforesaid, upon the compliance by the said Bemis with his proposition as aforesaid, or the said Bemis may at his option hold the coupons in lieu of bonds, if he so desires.

" 'Now therefore we, J. H. Bemis, as principal, and W. B. Ward, as surety, acknowledge ourselves jointly and severally bound to pay to L. S. Schluter, mayor of the said city of Jefferson, and his successors in office, the sum of eighteen thousand dollars ($18,000): conditioned, that the above J. H. Bemis shall well and truly carry out and perform his said obligation as aforesaid, and shall promptly furnish and loan to said city of Jefferson the money necessary to the payment of the interest on the said new bonds for the first three years, as above provided, from the date of issuance thereof. And it is understood and agreed that the said city shall, for such sum of money so furnished and loaned to it, execute and deliver to the said Bemis bonds of the said city of like character and bearing like interest as those issued in settlement of said indebtedness, which said bonds shall be issued as the said sums are furnished by the said Bemis.

" 'And it is further agreed and understood, that the said Bemis shall have the privilege of holding the coupons representing the interest which he is to furnish the money to pay under the said contract, instead of having new bonds issued therefor. The object of this obligation being to secure to said city exemption from being compelled to pay the first three years' interest on said new bonds; but that the same shall, as soon as possible or practicable after the maturity thereof, be taken up by new bonds for that special purpose, or the coupons taken up by Bemis in lieu of having the city issue him new bonds therefor shall be held by the said Bemis, if he so prefers, until the whole of the three years have passed, and then to be funded into a new series of bonds of like character and having like rate of interest as the new bonds issued in settlement of the said indebtedness.

" 'In testimony whereof, witness our hands, this the 19th day of July, A. D. 1892.

" 'J. H. Bemis, W. B. Ward.

"That said J. H. Bemis was principal in said contract, and W. B. Ward was surety only. That said J. H. Bemis, under and by virtue of said contract, furnished and loaned to defendant the city of Jefferson the money with which to pay the first installment of interest fulling due on said bonds, and that said city failed and refused to issue and deliver to him therefor the bonds agreed to be issued as provided in said contract. That said J. H. Bemis in accordance with the terms of said contract, offered to loan and furnish to the defendant city of Jefferson other money to pay the interest matured or maturing on said bonds for the first three years after the issuance thereof, and that said city refused to accept it, and notified said Bemis through its city council in council assembled that it would not issue to him any bonds whatever under said contract for money loaned to pay or paid on said three years' interest."

Conclusions of Law.—"1. The plaintiff is entitled to recover of the defendant the city of Jefferson the amount of the several coupons sued on, aggregating the sum of $1050, with legal interest on said coupons from the maturity thereof, respectively, total aggregate being $————.

"2. That neither plaintiff nor defendant have any cause of action against the defendants J. H. Bemis and W. B. Ward, and should take nothing against them, and that they should recover their costs; and judgment in accordance with the above findings is rendered."

*Opinion.*—1. It is assigned that the court erred in finding as a fact that the bonds were issued in compromise and settlement of indebtedness incurred prior to April, 1876.

The record sustains this finding of fact. The ordinance providing for the issuance of the bonds so declared the fact to be, and the general facts of the transaction disclosed by the record support the declaration of the city council.

2. The finding that the bonds were executed and delivered on August 15, 1892, is also attacked as being unsupported by the evidence.

The receipt executed for the bonds and delivered to the city so recites; and the minutes of the city council, in which the receipt is embraced, indicate that as the time of the delivery of the bonds and closing the transaction. We can not say that the finding is without evidence to support it.

3. It is contended that the finding "that by ordinance of June 6, 1892, authorizing and providing for the issuance of the bonds, a tax was levied to pay the interest and create a sinking fund," was not justified by the evidence.

The levy was made by the city council when the ordinance authorizing the issuance of the bonds was passed, and the levy was in this language: "It is further ordered, decreed, and directed, that a tax sufficient to pay the interest and create a sinking fund of 2 per cent on all real and personal property subject to assessment in the city of Jefferson, Marion County, Texas, be and the same is hereby levied, then to be assessed and collected annually for the current interest on said new bonds, the sinking fund, and all expenses of assessing and collecting same." Afterward, on August 4, 1892, before the time the bonds were delivered as found by the court, the above levy was amended, as follows: "At an adjourned regular meeting of the city council of the city of Jefferson, held Thursday, August 4, 1892, L. S. Schluter, mayor, presiding; present, Aldermen Atkins, Sherrell, Rowell, Sullivan, Bower, and Brown; J. D. Kitchen, secretary. Moved by Alderman Brown, and carried, that the following amendment to an ordinance passed June 6, 1892, be and is hereby approved: Be it ordained by the city council of the city of Jefferson, in council assembled, that so much of the ordinance heretofore passed on the 6th day of June, 1892, authorizing the issuance of bonds designated and named therein as 'Consolidated Debt Bonds for Outstanding Indebtedness,' as provided for 'The levy of a tax sufficient to pay the interest and create a sinking fund of 2 per cent on all the real and personal property subject to assessment in the city of Jefferson, Marion County, Texas, be and the same is hereby levied, then to be assessed and collected annually for the period of thirty years from the 1st day of January, 1892,' be so amended as to hereafter read as follows, to wit: 'It is further ordered, decreed, and directed, that a tax of $1.05 on each $100 valuation on all real and personal property subject to assessment within the city of Jefferson, Marion County, Texas, be and the same is hereby levied, to be assessed and collected for the year 1892, to pay the current interest on the said bonds, and the sinking fund of 2 per cent, and that there shall annually be levied, assessed, and collected a sufficient tax to pay the interest and sinking fund for thirty years from January 1, 1892.'"

The contention can not be sustained. The idea upon which it is based is, that the original levy was too indefinite, no specific amount of tax being levied. Under the authority of Bassett v. El Paso, 88 Texas, 168, the levy would seem to be sufficient. Aside from this view, the limita-

tions of the Constitution of 1876, requiring the levy of a sufficient tax to cover interest and create a sinking fund, did not apply, as the debts for which the bonds were issued existed prior to the adoption of the present Constitution. Voorhees v. Houston, 70 Texas, 331; Mayor v. Voorhees, 70 Texas, 363.

4. It is insisted that the court erred in failing to find that under the terms of the settlement, as voted on by the people, no levy of a tax was contemplated for the first three years to pay the interest and sinking fund.

In addition to what has just been said in regard to the limitations of the present Constitution not having application to the issuance of the bonds in question, we do not think the fact that the city made an arrangement to borrow the money with which to pay interest and sinking fund for the first three years, when the tax was actually levied for those years, could affect the validity of the bonds. It does not appear that no tax was to be levied for those years; but only that the city had arranged not to enforce collection during those years, by paying the interest and sinking fund in borrowed funds.

5. The bonds are claimed to be void, under the fifth assignment of error, for these reasons: (a) No sufficient provision was made prior to their execution for payment of interest and sinking fund. We have already seen that this position is not sound. (b) The bonds did not state with sufficient clearness the purpose for which they were issued. This proposition is also untenable. The bond recites that it is a consolidated debt bond for outstanding indebtedness, and cites the acts of the Legislature and the ordinance of the city authorizing their issue; and the ordinance of the city referred to fully set forth the purposes for which the bonds were issued.

There are no other assignments of error which we deem it necessary to specially notice; none of them are well taken.

We find no error in the judgment, and it is affirmed.

*Affirmed.*

Writ of error refused.