PEOPLE, PLAINTIFF AND APPELLEE, *v.* ROSARIO, DEFENDANT AND APPELLANT.

APPEAL from the District Court of Arecibo in a Prosecution for Seduction.

No. 1183.—Decided July 27, 1917.

SEDUCTION—EVIDENCE—CORROBORATION—CARNAL INTERCOURSE—PROMISE OF MAR-RIAGE.—While it is true that the testimony of the prosecutrix need not be corroborated in all its details, nor even perhaps as to the minor ingredients of the offense as defined by our Penal Code, yet in order to support a conviction she must be corroborated upon two vital issues, namely, (1) the carnal intercourse and (2) the promise of marriage.

ID.—ID.—PROMISE OF MARRIAGE.—The mere fact that a witness testifies that he saw the accused and the prosecutrix walking together and that he knows that they were engaged because he had heard her say that after marrying the defendant they would go to live in the country, is not a sufficient corroboration as to the promise of marriage.

The facts are stated in the opinion.

*Mr. Antonio Trujillo Güil* for the appellant.

*Mr. Salvador Mestre, fiscal,* for the appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

Appellant was convicted of seduction and the only question raised on appeal is whether or not the testimony of the prosecutrix must be corroborated as to the promise of marriage.

The only testimony tending in any way to corroborate her statement on this point is that of José Cortés, who says—

"that he knows that they love each other and saw them on two or three occasions taking a walk on the *carretera,* and one night Savina, in conversation with other girls in front of the house of wit-

ness, said that after marrying Julio Rosario they would go to live in the country, and the other girls laughed. * * * That he knows that they were in love by the conversation of Savina in front of the house of witness; that he did not know it from any other source and that he never asked Julio Rosario about the matter * * *.''

It seems hardly necessary to say that the statement so attributed to the prosecutrix, without any intimation whatever as to the date thereof with reference to that of the commission of the offense, cannot be considered as corroboration of her testimony on the stand as to the· promise of marriage. The father of the girl knew nothing whatever of the alleged engagement until some seven months after the date laid in the information, and his demand then made upon the accused that he should marry the girl met with a flat refusal.

''While under the statutes the prosecutrix is a competent witness, her testimony, in most jurisdictions, is insufficient without corroboration; though in some States such corroboration is required only to the promise of marriage. The corroboration when required by statute, must be *aliunde,* and must go to matters of substance material to the issue.'' Wharton's Criminal Law, vol. 3, p. 2278, § 2110.

''The offense consists in enticing a woman from the path of virtue and obtaining her consent to illicit intercourse by promises made at the time. The promise and yielding her virtue in consequence thereof is. the gist of the offense.'' *Putnam* v. *State,* 16 S. W. 97.

In *Spenrath* v. *State,* 48 S. W. 192, after quoting this language with approval, the Supreme Court of Texas, referring to the prosecutrix in a seduction case, said that—

''it was incumbent on the State to corroborate her testimony upon two vital issues in order to sustain a conviction: First, the carnal intercourse; and, second, that this carnal intercourse was procured on the promise of appellant to marry the prosecutrix.''

The only difference between our law and the Texas statute that could have any bearing on the question is that the former provides that ''the defendant cannot be convicted upon the testimony of the woman upon or with whom the offense was

committed, unless her testimony is corroborated by other evidence," while the latter specifies. that "no conviction shall be had upon the testimony of the said female, unless the same is corroborated by other evidence tending to connect the defendant with the offense charged."

Although, of course, it is not necessary that the injured female be corroborated in all the details of her testimony, nor even perhaps as to the minor ingredients of the offence as defined by our Penal Code, yet to hold that no evidence *aliunde* is required as to either of the two vital elements above mentioned would be in effect through judicial legislation to erase section 250 from our Code of Criminal Procedure.

The judgment appealed from must be reversed and the defendant discharged.

*Reversed and defendant discharged.*

Chief Justice Hernández and Justices Wolf, del Toro and Aldrey concurred.