EL PUEBLO, DEMANDANTE Y APELADO, *v.* ROSARIO, ACUSADO
Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Arecibo en
causa por delito de seducción.

No. 1183.—Resuelto en julio 27, 1917.

SEDUCCIÓN—CORROBORACIÓN DE LA DECLARACIÓN DE LA MUJER AGRAVIADA—ACTO
CARNAL—PROMESA DE MATRIMONIO.—Si bien es cierto que no es necesario que
la declaración de la mujer perjudicada esté corroborada en todos sus detalles,
ni siquiera en cuanto a los elementos de menos importancia del delito según
lo define el Código Penal, ella debe ser corroborada en cuanto a dos extre-
mos (*issues*) vitales para que pueda sostenerse una convicción: 1ª., el acto
carnal; y 2°., la promesa de matrimonio.

ID.—ID.—ID.—PROMESA DE MATRIMONIO.—El mero hecho de que un testigo declare
que vió al acusado y a la ofendida paseando juntos y que sabe que ellos eran
novios por haberle oído decir a ella que cuando se casara con el acusado
irían a vivir al campo, no es suficiente corroboración en cuanto a la promesa
de matrimonio.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Antonio Trujillo Güil.*

Abogado del apelado: *Sr. Salvador Mestre, Fiscal.*

EL JUEZ ASOCIADO SR. HUTCHISON, emitió la opinión del
tribunal.

El apelante fué convicto por un delito de seducción y la
única cuestión que se levantó en la apelación fué la de si la
declaración de la denunciante debe o nó ser corroborada en
cuanto a la promesa de matrimonio.

El único testimonio que en alguna forma tiende a corro-

borar su declaración sobre este punto es el de José Cortés, que dice:

"Que sabe que ellos se quieren y los vió paseando dos o tres veces por la carretera, pues una noche, en conversación, Sabina, con otras muchachas, frente a la casa del declarante, decía que cuando se casara con Julio Rosario iban a vivir al campo, y las demás muchachas se echaron a reir.     *     *     *

. Que sabe que ellos eran novios por la conversación que tuvo Sabina frente a la casa del declarante y que no lo sabía de ningún otro modo y que no le preguntó nunca a Julio Rosario."

Apenas parece necesario decir que la declaración así atribuída a la denunciante, sin que exista insinuación alguna respecto a la fecha de la misma en relación a la de la comisión del delito, no puede estimarse como corroboración de su declaración como testigo en cuanto a la promesa de matrimonio.   El padre de la muchacha nada supo siquiera acerca de las supuestas relaciones hasta unos siete meses después de la fecha alegada en la acusación, y el requerimiento que hiciérale entonces al acusado de que se casara con la muchacha fué por éste rechazado de plano.

"Aun cuando con arreglo a los estatutos la denunciante es un testigo competente, su declaración, en la mayor parte de las jurisdicciones, es insuficiente si la misma no ha sido corroborada; aunque en muchos Estados tal corroboración sólo se requiere respecto a la promesa de matrimonio.   Cuando el estatuto requiere la corroboración, ésta debe ser *aliunde,* y debe dirigirse a las cuestiones sustanciales materia de la controversia." Wharton's Criminal Law, Vol. 3, pa. 2278, Sec. 2110.

"El delito consiste en inducir a una mujer a abandonar la senda de la virtud y obtener su consentimiento para el acto carnal ilícito en virtud de las promesas hechas en el momento.   La promesa y, en consecuencia de la misma, el rendimiento de su virtud es el *quid* (*gist*) del delito." *Putnam* v. *State,* 16 S. W. 97.

En el caso de *Spenrath* v. *State,* 48 S. W. 192, después de citar la anterior doctrina con aprobación, la Corte Suprema

de Texas, refiriéndose a una denunciante en un caso de seducción, dice que:

"incumbía al Estado corroborar su declaración en cuanto a dos extremos (*issues*) vitales para que pudiera sostenerse una convicción: Primero: el acto carnal; y segundo: que este acto carnal fué conseguido mediante la promesa hecha por el apelante de casarse con la denunciante  *  *  *.".

La única diferencia que existe entre nuestro estatuto y el de Texas y que pudiera tener alguna conexión con el punto a discutir consiste en que el primero dispone que "el acusado no podrá ser declarado convicto por la declaración de la mujer agraviada, a menos que su declaración se corrobore con otras pruebas," mientras que el último (el de Texas) especifica que "no podrá obtenerse una convicción por la declaración de dicha mujer, a menos que la misma esté corroborada por otra prueba que tienda a conectar al acusado con el delito imputado."

Si bien es cierto que, desde luego, no es necesario que la declaración de la mujer perjudicada esté corroborada, en todos sus detalles, ni siquiera quizá en cuanto a los elementos de menos importancia del delito según lo define nuestro Código Penal, sin embargo al sostener que ninguna evidencia *aliunde* se requiere respecto a cualquiera de los dos vitales elementos supra-mencionados sería en efecto borrar, mediante legislación judicial, el artículo 250 de nuestro Código de Enjuiciamiento Criminal.

La sentencia apelada debe ser revocada y absuelto el acusado.

> *Revocada la sentencia apelada y absuelto el acusado.*

Jueces concurentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Aldrey.