FLORA M. OSBORNE AND A. L. McKAY, *Appellants*, v. W. W. STRIPLING, AS TAX COLLECTOR OF MARION COUNTY, FLORIDA; R. B. MEFFERT, J. A. TALTON, G. A. WATERS, E. B. WEATHERS AND R. L. CLYBURN, AS MEMBERS OF AND COMPRISING THE BOARD OF COUNTY COMMISSIONERS OF MARION COUNTY; J. G. BASKIN, J. H. TAYLOR AND L. K. EDWARDS, *Appellees*.

Opinion Filed March 22, 1921.

1. Section 798 of the General Statutes of 1906 makes the due *issuance* of bonds for constructing roads a prerequisite to the levy of a tax to meet interest payments and for a sinking fund to pay the bonds at maturity.

2. Bonds have not been issued when no acceptable bids have been received for them and no specific offer to sell them at a stated permissible price has been made and accepted, and the bonds, though authorized to be sold, have not been prepared for execution and delivery.

An Appeal from the Circuit Court for Marion County; W. S. Bullock, Judge.

Decree reversed.

*H. M. Hampton,* for Apellants;

*Hocker & Martin,* for Appellees.

WHITFIELD, J.—Taxpayers brought a suit to enjoin the sale of real estate, upon the payment of taxes duly assessed thereon after eliminating taxes alleged to be illegally assessed for the year 1920, to provide interest and a sinking fund for county bonds authorized to be sold but not yet sold, and also to enjoin the county commissioners from paying over to named persons as county bond trustees, money to be derived from the sale of the bonds. The chancellor denied the injunction and dismissed the bill. Complainants appealed.

It appears that on April 20, 1920, an election was held under the statute authorizing the issue by Marion County of $560,000.00 of 5% highway coupon bonds to mature serially five, ten and fifteen years from their date, interest to be paid semi-annually; that the bonds were to be dated July 1, 1920; that owing to the condition of the bond market, the bonds have not been sold or even printed for sale, in the early part of 1921, as the minimum price fixed by the statute could not be obtained; that further efforts are being made to sell the bonds as authorized by law;

that the tax has been levied for the year 1920 to provide funds in anticipation of interest payments that may become due upon a sale of the bonds, and for a sinking fund to pay the bonds at their respective maturities.

The statutes of the State contain the following provisions:

"When any county bonds shall have been issued in pursuance of this article, it shall be the duty of the county commissioners to levy annually by tax upon the taxable property in the county a sum sufficient to pay the interest of said bonds, and also a sum sufficient to meet the amount annually required to be raised as a sinking fund to meet the principal of the bonds, which sinking fund shall be provided for by resolution of the board of county commissioners before the issuing of any of the said bonds.

"When the county commissioners shall have issued bonds as aforesaid, they shall appoint by resolution of their board, to be recorded in the minutes, a financial committee of three persons, who shall be resident free holders of the county, to be styled trustees of county bonds, who shall each give bond running to the chairman of the board of county commissioners and his successors in office, with sufficient sureties, in such sum as may be required by the county commissioners, conditioned that the said trustee shall faithfully discharge the trust confided to him, and shall pay over and duly account for all such sums of money as may come into his hands by virtue of such trust, which said bonds shall be approved as to the form and the sufficiency of sureties by the board of county commissioners; and the county commissioners may, from time to time, as circumstances may require, demand additional security from any such trustee." Secs. 798, 799, Gen. Stats., 1906, as amended by

Chap. 7337, Acts 1917. Compiled Laws, 1914; Secs. 1543, 1544, Rev. Gen. Stats., 1920.

The statute expressly provides that "when any county bonds shall have been issued   *   it shall be the duty of the county commissioners to levy annually a tax   *   sufficient to pay the interest," etc.

This statute makes the due issuance of bonds a prerequisite to the levy of the tax for interest and sinking fund purposes, and as the subject is expressly covered by special statutory provision, conflicting implied authority does not exist. The word "issue" in the negotiable instrument statute is defined by the statute to mean "the first delivery of the instrument, complete in form to a person who takes it as a holder." Sec. 2934, Gen. Stats., 1906, Compiled Laws, 1914; Sec. 4674, Rev. Gen. Stats., 1920. As used in the statutes above quoted the words "shall have been issued," do not have reference to an arbitrary date that may be put in a bond. "The time of issuance of bonds is the time of their delivery and not the date they bear on their face." 5 McQuillin on Municipal Corp., Sec. 2297; Chicago, B. & Q. Ry. Co. v. Dundy County, 3 Neb. (Unofficial) 391, 91 N. W. Rep.. 554; City of Hefferson v. Marshall Nat. Bank, 18 Tex. Civ. App. 539, 46 S. W. Rep. 97. Bonds are not issued until actually or constructively delivered under a contract of sale. 5 McQuillin Municipal Corp., Sec. 2297, Note 4; Black v. Fishburne, 84 S. C. 451, 66 S. E. Rep. 681.

In Moller v. City of Galveston, 23 Tex. Civ. App. 693, 57 S. W. Rep. 1116, the bonds were held to have been issued when they were duly executed for approval and sale. In this case the bonds have not yet been printed, executed or contracted for sale. Bids have been asked for, but no acceptable bid has been received. There is

here a mere authority to issue bonds, but no bonds "have been issued."

It can not be said that the bonds "have been issued" when apparently no acceptable bids have been received for them, or no specific offer to sell the bonds at a stated permissible price has been made and accepted, and the bonds, though authorized to be sold, have not been prepared for execution and delivery, but the entire transaction is awaiting the acceptance of a legally permissible bid to be made at some time in the future, more or less dependent upon the market for such securities. In Potter v. Lainhart, 44 Fla. 647, 33 South. Rep. 251, the bonds had been disposed of for value and of course had "been issued." It is suggested that it takes time to make a levy and collection of taxes and interest may become due before taxes are collected if the levy is postponed until after the sale and delivery of the bonds. This has no weight against the expressed intent of the law. The sales of the bonds may be so regulated as that semi-annual interest payments will not become due until taxes are collected. Taxes for each year are levied during the year and are payable before the end of the year. Under the statute the appointment of "a financial committee of three persons   *   to be styled trustees of county bonds" shall be made "when the county commissioners shall have issued bonds as aforesaid." The appointment and due qualification of the trustees can take place upon the issuance of the bonds so that the trustees may receive the proceeds under the law.

The decree is reversed for proceedings consistent with this opinion.

BROWNE, C. J., AND TAYLOR, ELLIS AND WEST, J. J., concur.